UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| TAMI LAINE DUVALL, | ) |
|          Petitioner, | ) |
|          v. | ) No. 2:24-cv-00102-JPH-MG |
| WARDEN, | ) |
|          Respondent. | ) |

**ORDER DISMISSING ACTION AND DIRECTING ENTRY OF FINAL JUDGMENT**

Tami Duvall's petition for a writ of habeas corpus seeks relief from her conviction in disciplinary case RTC 23-05-0308. Dkt. 1. Respondent moves for an extension of time to respond to the Order to Show Cause and to dismiss the petition. Dkts. 8, 9. Ms. Duvall moves for court assistance. Dkt. 11. The Court addresses each below, separately.

## I.    Motion for an Extension of Time

As a preliminary matter, Respondent's motion for an extension of time, dkt. [8], is **granted**. Respondent's motion to dismiss is accepted as timely.

## II.    Motion to Dismiss

Respondent moves to dismiss the petition as moot because "the Indiana Department of Correction dismissed the case, removed the charges, reversed the sanction, and restored the lost time." Dkt. 9 at 1; *see* dkt. 9-1. Ms. Duvall filed no response, and the time to do so has passed.

"[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters*, 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). To be considered

1

"in custody" for purposes of a challenge to a prison disciplinary conviction, the petitioner must have been deprived of good-time credits, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001).

A case becomes moot, and the federal courts lose subject matter jurisdiction, when a justiciable controversy ceases to exist between the parties. *See Church of Scientology of Cal. v. United States,* 506 U.S. 9, 12 (1992) ("if an event occurs while a case is pending . . . that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the [case] must be dismissed") (quoting *Mills v. Green,* 159 U.S. 651, 653 (1895)); *Honig v. Doe,* 484 U.S. 305, 317 (1988) (grounding mootness doctrine in the Constitution's Article III requirement that courts adjudicate only "actual, ongoing cases or controversies"). "A case is moot when issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Erie v. Pap's A.M.,* 529 U.S. 277, 287 (2000) (internal citations omitted).

This action is moot because Ms. Duvall's petition no longer challenges a disciplinary action that affects the fact or duration of her custody. The case must be dismissed for lack of jurisdiction. *Board of Educ. of Downers Grove Grade Sch. Dist. No. 58 v. Steven L.*, 89 F.3d 464, 467 (7th Cir. 1996), *cert. denied,* 520 U.S. 1198 (1997). When it is determined that a court lacks jurisdiction, its only course of action is to announce that fact and dismiss the case. *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 94 (1998) ("'Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'") (quoting *Ex parte McCardle*, 7 Wall. 506, 514, 19 L.Ed. 264 (1868)). Accordingly, Respondent's motion to dismiss, dkt. [9], is **granted**.

### III.     Motion for Court Assistance

Ms. Duvall has filed a motion for court assistance. Dkt. 11. In the motion, she alleges her legal materials were confiscated and states she that "[a]s well as informing [the Court] of this problem, [she is] also asking for any advice or suggestion [the Court] may have." *Id.* at 2. The motion, dkt. [11], is **denied**. The Court cannot provide legal advice to Ms. Duvall.

### IV.     Summary

In sum, Respondent's motion for an extension of time, dkt. [8], and motion to dismiss, dkt. [9], are **granted**. Ms. Duvall's motion for court assistance, dkt. [11], is **denied**. This action is **dismissed** for **lack of jurisdiction**. The **clerk is directed** to enter **final judgment** consistent with this Entry.

**SO ORDERED.**

Date: 1/9/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

TAMI LAINE DUVALL
215966
INDIANA WOMENS PRISON
INDIANA WOMENS PRISON
Inmate Mail/Parcels
727 Moon Road
Plainfield, IN 46168

All electronically registered counsel